CALDWELL v. WARREN, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9575. Decided Nov. 12, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

REAL ESTATE.

(510 53f) Enclosing of porch, and transforming it into sun room, makes porch part of building, and if it extends beyond set back line, it violates building restriction. Mere fact that owner did not intend to plaster sun room inside, immaterial.

Wm. J. Corrigan, Cleveland, for Caldwell.

Wm. R. Pringle, Cleveland, for Warren, et.

HISTORY:—Action in Common Pleas by Caldwell to enjoin Warren from violating building restriction. Heard on appeal. Injunction granted. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

The purpose below was to enjoin the violation of a building line restriction.

The plaintiff and the defendants are neighbors living in adjoining houses and both obtained title from a common grantor and the restrictions are the same in both deeds and are such that they run with the land and so far as they apply to this case, they are to the effect that no building shall be erected whose front wall is nearer than 25 feet to the street line, nor shall the porches on such buildings extend nearer than 17 feet to the street line.

The defendant's property was a double house having an upstairs and downstairs with a front entrance to each from the lower front porch. When the house was constructed the front wall was in accordance with the restrictions contained in the deeds, and the porch was an open porch extending not nearer than 17 feet from the street line. This house was so constructed that there was a porch for the downstairs and a porch for the upstairs. The roof of the lower porch was supported by wooden pillars or posts and between these was a railing with spindles in it and there was a railing with spindles in it similar to this on the upper porch. Between the floor of the upper porch which constituted the roof of the lower porch and the bottom of the cornice of this so-called roof was a space of 12 to 18 inches built so that it curved and this space was covered with shingles. About a year or more before the filing of this lawsuit, the owner defendant had taken out the spindles of the upper porch and had replaced them with studding and sheeting and covered the sheeting with shingles, thus carrying the shingled space heretofore referred to, up as high as the railing had been in which spindles had been set theretofore and upon this new-made part posts were placed. But it was still an open porch until the events which caused the bringing of this lawsuit took place, when a lot of windows were brought on the ground, and the plaintiff in this action, David Caldwell, inquired of the defendant, Joseph Warren, what he proposed to do and, from the record we learn that he was told they were going to enclose the upper porch and Caldwell called the attention of Warner to the restriction showing it to him in the abstract and telling him that the same restriction was in his abstract and warned him not to proceed with the proposed building as it would be a violation of the restriction. Notwithstanding this neighborly tip, Warren proceeded to go forward and to take out these posts and put studding up to the roof and covered the studding with sheeting and filled in the space between these pilasters covered with sheeting, with frames for double windows in which, from the pictures that are shown in evidence, were to be placed French windows, so that when it was completed this upper porch would be an enclosed room and could be denominated a "sun room," but for all intents and purposes it became a part of the house and instead of there being an open porch there would be an enclosed portion of the house within the restricted area.

VICKERY, J.

Now the testimony of the builder is important. His testimony is clear and unequivocal that the purpose was to build an enclosed room. True, he says the windows could be removed. Of course, the windows could be removed from any house, but from the looks of the windows that were already in and that were to be put here, they were French windows and they were hung on hinges so they would open inward, and from the structure of the window frames it does not seem possible that these were intended to be simply temporary affairs, and the room thus enclosed would project the house out eight feet beyond the front wall of the house and the roof covering this enclosed porch would extend out farther than the original roof.

We think the manner in which they sought to do this, shows plainly and conclusively that it was designed by the defendants to violate the building restrictions and it was being done so gradually from time to time that it would lull the suspicions of the neighbor until it was all up. The mere fact that they did not intend to plaster it on the inside, although from the testimony of the builder that is uncertain, would be immaterial. On the outside it was a complete structure and it was an enclosed structure and these French windows were as much a part of the house as French windows are in any house and, of course, they could be removed, but the window frames would still be there and it would be an enclosed porch with the window sash taken out.

From the whole record we think there is an intended violation of the building restrictions and the plaintiff is entitled to the relief that he seeks and the injunction will be allowed and made perpetual and a decree may be drawn in favor of the plaintiff to carry out the purpose of this opinion.

(Sullivan, PJ., concurs. Levine, J., not participating.)